# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:90cr85-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ANTONIO FRANKLIN CUNNINGHAM. ) | |

**THIS MATTER** is before the Court on the Notice of Ineligibility Regarding Crack Cocaine Offense 18:3582 [Doc. 22], filed December 31, 2008, by court-appointed counsel.

The Defendant was convicted of 3 counts of possession with intent to distribute cocaine base, 9 counts of carrying a firearm during a drug offense and one count of arson. United States v. Jackson, 953 F.2d 640 (4th Cir. 1992). He was sentenced to a total sentence of 1,200 months. Id. He subsequently received the benefit of two Rule 35 motions for assistance rendered after conviction. In January 1993 his sentence was reduced from 1,200 months to 360 months. [Doc. 28, filed February 26, 2009]. In January 1997, his sentence was reduced from 360 months to

300 months. [Id].  He has served 232 months. [Id.].

Counsel advises that the Defendant may not be eligible for any relief pursuant to the crack cocaine amendment because he was held accountable for between 4 and 6 kilograms of cocaine base. [Doc. 22]. Counsel requested that the Probation Office review the case. [Id.].  The Government has not filed any response.

The Probation Office filed a Supplement to the Presentence Report pursuant to the Crack Cocaine Guideline Amendment in which it acknowledged that "the defendant is subject to the 2007 retroactive Crack Cocaine Amendment and therefore, eligible for a sentence reduction." [Doc. 29, filed February 26, 2009].  However, the Probation Office found that due to the sentencing structure imposed by the sentencing court, it could not be determined which portion of the 1,200 month sentence was attributable to the three convictions for possession of cocaine base. [Id.]. In any event, the Probation Office found that a further reduction in the Defendant's sentence was unwarranted in view of the substantial reductions already received pursuant to Rule 35 as well as public safety and post-sentence conduct.

Due to the age of the case, the Court is unable to review the original judgment or the Rule 35 motions which were subsequently filed.  As a

result, it will require the Government to respond and defense counsel to make further inquiry.

**IT IS, THEREFORE, ORDERED** that on or before thirty (30) days from entry of this Order, defense counsel shall endeavor to obtain copies of the Judgment of Conviction, the Rule 35 motions and/or the transcript of sentencing and shall provide the same to the Court.

**IT IS FURTHER ORDERED** that on or before thirty (30) days from entry of this Order, the Government shall file response to the position of defense counsel and shall endeavor to obtain copies of the Rule 35 motions and shall provide the same to the Court.

Signed: April 6, 2009

Martin Reidinger
United States District Judge