# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:90cr85-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ANTONIO FRANKLIN CUNNINGHAM. ) | |

**THIS MATTER** is before the Court on the Government's Response to Defendant's Notice of Ineligibility regarding 18 U.S.C. §3582(c)(2) [Doc. 39, filed May 6, 2009] and the Defendant's Response [Doc. 40, filed May 7, 2009].

The Defendant was identified by the Office of the Federal Defender as an individual who might potentially be eligible for a reduction in his sentence in light of the crack cocaine amendment to the sentencing guidelines (Amendment 706), which identification resulted in an attorney being appointed to represent the Defendant in relation thereto. That attorney filed notice that in his opinion, the Defendant was not eligible for relief because the conspiracy of which he was convicted was involved with

more than 4.5 kilograms of cocaine base. [Doc. 22]. The United States Probation Office filed a Supplement to the Presentence Report pursuant to Crack Cocaine Guideline Amendment in which it recommended no reduction due to the sentencing structure imposed by the sentencing court. [Doc. 28].

On December 13, 1990, the Defendant was sentenced to 1200 months of imprisonment in connection with his convictions for conspiracy to possess with intent to distribute cocaine base, possession of cocaine base, multiple counts of using a firearm during a drug trafficking crime, and arson. [Doc. 40-2]. The Judgment of Conviction did not distinguish among the sentences for the various crimes but contained only one aggregate sentence of 1200 months imprisonment.

On February 11, 1995, the Defendant's sentence was reduced to 360 months imprisonment as a result of a Rule 35 motion for substantial assistance. [Doc. 40-3]. Again, the judgment did not distinguish among the various convictions but contained one aggregate sentence of 360 months.

On January 28, 1997, the Defendant's sentence was reduced to 300 months as a result of another Rule 35 motion. [Doc. 40-4]. The final Judgment of Conviction as amended, once again, does not distinguish among the various counts of conviction.

As a result of this sentencing structure, the undersigned gave the parties an opportunity to provide this Court with copies of the various judgments, Rule 35 motions and/or the transcript from the sentencing hearing. [Doc. 37]. Unfortunately, neither party has been able to supply any documentation showing what portion of the Defendant's sentence is attributable to the cocaine base counts and what portions are attributable to the other counts. As a result the Court is without this information that is important to any calculation regarding the application of Amendment 706.

The Defendant's original offense level was 40; his criminal history category was III and his guideline range was 360 months to life imprisonment. Applying Amendment 706, the Defendant's offense level would become 36 resulting in a guideline range of 235 to 293 months imprisonment. The supplemental presentence report discloses, however, that the Defendant is required to serve a statutory mandatory minimum of 240 months; thus yielding an amended guideline range to be 240 to 293 months.

Because it is impossible to determine what portion of the Defendant's sentence was imposed for the drug convictions, it is impossible to ascertain what reduction, if any, should be allowed. Despite having granted significant reductions for substantial assistance, the sentencing

court at no point distinguished among the drug convictions, the multiple firearms convictions and the arson conviction. If the Court were to allow a further reduction under Amendment 706, Defendant's consecutive terms for the firearms and arson convictions would be minimal. In light of the seriousness of these other convictions, the Court can only interpret the record to mean that the sentencing court has previously reduced and discounted the Defendant's sentence on the drug charges to such a great degree that further reduction under Amendment 706 would be disparate and inappropriate.

Having considered the factors set forth in 18 U.S.C. §3553(a), as well as public safety and post-sentencing conduct, the Court finds that a reduction of the Defendant's sentence would not accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that no reduction in sentence is warranted, and the reduction pursuant to Amendment 706 is **DENIED**.

Martin Reidinger
United States District Judge

Signed: May 18, 2009